# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY HUSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN BERNADINO; STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; JEFFREY A. BEARD, SECRETARY, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; NORTH KERN STATE PRISON; SANDRA PENNYWELL (ALFARO), WARDEN, NORTH KERN STATE PRISON; COUNTY OF SAN BERNADINO SHERIFF'S DEPARTMENT; JOHN McMAHON, SHERIFF, COUNTY OF SAN BERNADINO, AND DOES 1 TO 25, INCLUSIVE,<br><br>　　　　　Defendants. | Case No. 1:16-CV-1031 LJO-JLT<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(ECF Nos. 27 & 33) |

## I. <u>INTRODUCTION</u>

Plaintiff Kenny Huson ("Plaintiff" or "Huson") filed this action for damages for deprivation of civil rights against the County of San Bernadino ("County"), the San Bernadino County Sheriff's Department, San Bernadino County Sheriff John McMahon ("McMahon") (collectively, "County Defendants"), the State of California ("State"), the California Department of Corrections and

1

Rehabilitation ("CDCR"), CDCR Secretary Jeffrey A. Beard ("Beard"), North Kern State Prison ("NKSP"), NKSP Warden Sandra Pennywell (Alfaro), NKSP Records Manager E. Rodriguez ("Rodriguez") (collectively, "CDCR Defendants"), and Does 1 through 25. (ECF No. 1.) This lawsuit stems from Plaintiff's allegation that he was incorrectly housed in a state prison facility with violent felons in violation of California Assembly Bill 109 ("AB109"). County Defendants and CDCR Defendants each moved to dismiss the FAC. (ECF Nos. 27, 33.) The Court has determined that this matter is suitable for resolution without oral argument. *See* Local Rule 230(g).

## II. **BACKGROUND**

Plaintiff filed the original complaint in this suit on July 13, 2016. (ECF No. 1) County Defendants and CDCR Defendants each moved to dismiss the complaint. (ECF Nos. 14, 17.) Before the Court ruled on the motion to dismiss, the parties filed a stipulation seeking to allow Plaintiff to file an amended complaint. (ECF No. 23). The Court ordered Plaintiff to file an amended complaint within fourteen days on February 24, 2017. (ECF No. 27.) Plaintiff filed an amended complaint ("FAC") on March 14, 2017.[1] (ECF No. 26.) The FAC alleges that Defendants violated Plaintiff's Fourth, Fifth, and Eighth Amendment rights pursuant to 42 U.S.C. § 1983.

Plaintiff was convicted of burglary under California Penal Code § 1170(h), which is not a violent felony, and placed on probation in 2011. (FAC ¶¶ 12-14.) On October 1, 2012, AB109 became effective in the State of California. (*Id.* ¶ 11.) AB109 requires violent felons to be housed in state prisons, but provides for non-violent offenders to be incarcerated in county jail facilities. (*Id.*) Plaintiff's probation was revoked on September 13, 2013 and he was sentenced to two years in county jail with credit for time served. (*Id.* ¶ 15.) Instead of being housed in county jail, Plaintiff was housed at NKSP, a facility

---

[1] As CDCR Defendants point out, the FAC was not timely filed. As a result, Defendants urge the Court to disregard the FAC and consider Defendants' motion to dismiss the original complaint. Because the differences between the original complaint and the FAC are minimal and not material to the Court's decision, the Court will consider the motions to dismiss late-filed FAC. However, Plaintiff is ADMONISHED to adhere stringently to all Court orders, rules, and deadlines in the future.

2

that houses violent felons. (*Id.* ¶ 16.) On July 14, 2014, Plaintiff was released "after it was determined that he was wrongfully housed in the wrong type of facility." (*Id.* ¶ 19.)

County Defendants filed a motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 23, 2017. (ECF No. 23.) CDCR Defendants filed a motion to dismiss the FAC on March 28, 2017. (ECF No. 33.) Plaintiff opposed both motions on April 27, 2017. (ECF No. 34.) CDCR Defendants filed a reply on May 4, 2017. (ECF No. 35.) County Defendants did not file a reply. Venue is proper in this court and the matter is now ripe for review.

### III. **STANDARD OF DECISION**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an

3

unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

To state a claim under § 1983, plaintiff must allege that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998).

Defendants State, CDCR and NKSP argue that they are immune from suit under the Eleventh Amendment, and that Defendants Beard and Rodriguez are immune from suit in their official capacities. County Defendants argue that Plaintiff has not sufficiently pled *Monell* liability against San Bernadino. CDCR Defendants and County Defendants both argue that the FAC fails to state a claim for deprivation of Plaintiff's Fourth, Fifth, or Eighth Amendment rights. Both sets of defendants also argue that the

4

FAC fails to link individual defendants Beard, Rodriguez, and McMahon to any alleged constitutional deprivation.

**A.      Eleventh Amendment Immunity**

Defendants State, CDCR, and NKSP argue that they are immune from suit under the Eleventh Amendment. Defendants Beard and Rodriguez argue that they are immune from being sued in their official capacities.

The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. U.S. Const., amend. 11 ("The Judicial power of the United States shall not be construed to extend to any suit ... commenced or prosecuted against one of the United States"); *see also Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010). Therefore, Defendant State is immune from suit under the Eleventh Amendment. Moreover, the Supreme Court has explicitly held that, "the State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002).

Suits against the state agencies in federal court are likewise barred by the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). NKSP and CDCR, which are state agencies, are therefore immune. *See Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012)

Plaintiff sues Defendants Beard and Rodriguez in both their official and individual capacities. (FAC ¶¶ 2, 5, 8.) The Eleventh Amendment bars a prisoner's § 1983 claims against state actors sued in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). However, the Eleventh Amendment does not bar claims for damages against state officials for actions taken in their personal or individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *see also Ashker v. Cal. Dep't of Corr.*, 112 F.3d 392, 394-95 (9th Cir. 1997) (citations omitted). A prisoner can establish personal liability in a § 1983 action by showing the prison official acted under color of state law in deprivation of a federal right. *See Hafer*, 502 U.S. at 25.

5

Plaintiff alleges that Beard and Rodriguez, employees of CDCR and NKSP respectively, were acting within the scope of their duties and under color of law during the relevant period. Therefore, Defendants are immune from suit for damages in their official capacities. *See Will*, 491 U.S. at 66. However, Defendants are not immune from suit for damages in their individual capacity. *Hafer*, 502 U.S. at 25. Insofar as individual Defendants Beard and Rodriguez are sued for damages in their individual capacities, they are not protected by Eleventh Amendment immunity.[2] *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) ("[T]he Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983.").

Plaintiff's § 1983 claims against the State of California, CDCR, and NKSP are DISMISSED WITH PREJUDICE. Insofar as Plaintiff sues Defendants Beard and Rodriguez in their official capacities, those claims are also DISMISSED WITH PREJUDICE.

## B. Municipal (*Monell*) Liability

Defendant San Bernadino moves to dismiss the FAC because it fails to state a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). A municipality cannot be held liable under § 1983 for the actions of its employees under the theory of *respondeat superior. See id.* To state a claim against a public entity under *Monell*, a plaintiff must plead "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (2011) (internal quotation marks and citations omitted). The policy must be the result of a decision of a person employed by the entity who has final decision or policy making authority. *Monell*, 436 U.S. at 694.

---

[2] County Defendants do not argue that they are immune from suit under the Eleventh Amendment. Municipal entities, such as the County of San Bernadino and its Sherriff's Department, are generally not considered "arms of the state" for purposes of Eleventh Amendment immunity.

Plaintiff has not identified any policy or custom by San Bernadino or its Sheriff's Department that led to his incarceration. In the FAC, Plaintiff alleges that Defendants had "policies, practices, and customs" that resulted in "the failure to inspect and verify proper placement of an inmate before incarceration." (FAC ¶ 23; *see also id.* ¶¶ 33, 35, 60.)

These boilerplate allegations are entirely conclusory, and fall far short of identifying a County policy that was deliberately indifferent to Plaintiff's constitutional rights. They are supported by no facts that would tend to plausibly suggest the County had any unconstitutional custom or policy, failed to train or supervise, or knew or should have known of a pattern or practice of similar violations. A conclusory allegation regarding the existence of a policy or custom unsupported by factual allegations is insufficient to state a *Monell* claim. For example, in *Via v. City of Fairfield*, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011), plaintiff alleged that:

> [T]he acts ... alleged in the Complaint . . . are indicative and representative
> of a repeated course of conduct by members of the CITY OF FAIRFIELD
> Police Department tantamount to a custom, policy or repeated practice of
> condoning and tacitly encouraging the abuse of police authority, and
> disregard for the constitutional rights of citizens . . . [T]he damages
> sustained as alleged herein were the direct and proximate result of
> municipal customs and/or policies of deliberate indifference in the
> training, supervision and/or discipline of members of the ... FAIRFIELD
> Police Department.

The district court granted defendants' motion to dismiss plaintiff's *Monell* claim based on its determination that the above allegation was conclusory and lacked factual content regarding the city's alleged policy. *Id.*; *see also Save CCSF Coal v. Lim*, No. 14-CV-05286-SI, 2015 WL 3409260, at *13 (N.D. Cal. May 27, 2015) (unspecific allegation regarding municipal defendant's use of force policy insufficient to identify a relevant policy or custom under *Monell*); *Telles v. City of Waterford*, No. 1:10–cv–00982, 2010 WL 5314360, at *4 (E.D. Cal. Dec. 20, 2010) (to sufficiently state a claim under *Monell*, plaintiff must allege facts establishing a policy, it is not enough simply to state that there is a policy); *Jenkins v. Humboldt Cty.*, No. C 09–5899, 2010 WL 1267113, at *3 (N.D. Cal. Mar. 29, 2010) (same); *Smith v. Stanislaus*, No. 1:11-CV-01655-LJO, 2012 WL 253241, at *3-4 (E.D. Cal. Jan. 26,

2012) (same). The allegations in the FAC are as conclusory as those in *Via* and the other cases cited. Plaintiff fails to state a claim as to Defendant San Bernadino under *Monell*.

**C.     Fourth Amendment Claim**

Plaintiff's first claim for relief asserts that Plaintiff was deprived of his rights under the Fourth Amendment. (FAC ¶¶ 20-30.) The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const., amend. IV. Plaintiff has not alleged any facts to suggest that Plaintiff's Fourth Amendment rights were violated. With respect to his Fourth Amendment claim, Plaintiff restates his allegation that he was wrongly housed in a facility for violent felons rather than a county jail facility. (FAC ¶¶ 20-30.) He does not allege that he was wrongfully arrested or detained. *Lewis v. City & Cty. of San Francisco*, No. C 05-3590 PJH (PR), 2006 WL 954164, at *1 (N.D. Cal. Apr. 12, 2006) (a Fourth Amendment claim under § 1983 "turns on whether the arrest was wrongful"); *see also Reed v. Peterson*, No. CIV S 041822LKKDADP, 2005 WL 1366447, at *4 (E.D. Cal. May 27, 2005) ("Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another"). The Fourth Amendment does not protect Plaintiff's right to be incarcerated in a specific facility. Therefore, Plaintiff fails to state a Fourth Amendment claim. Because amendment would be futile under the circumstances, Plaintiff's first claim for relief is DISMISSED WITH PREJUDICE.

**D.     Fifth Amendment Claim**

Plaintiff's second claim for relief asserts that Plaintiff was deprived of his rights under the Fifth Amendment. (FAC ¶¶ 30-49.)The Fifth Amendment provides that: "no person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const., amend V. Plaintiff alleges that he was afforded due process by changing his housing from the county jail to the state prison without his knowledge. (FAC ¶¶ 31-49.) Plaintiff implies that Plaintiff would not have pled guilty if he knew he would be housed with violent felons. (*Id.*)

8

As an initial matter, as Defendants point out, Plaintiff's due process claim against state officials and agencies is not properly brought under the Fifth Amendment, which applies only to the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1175 (9th Cir. 2008). Even assuming that Plaintiff was pleading a violation of his due process rights under the Fourteenth Amendment, his claim fails. As the Supreme Court explained in *Meachum v. Fano*, 427 U.S. 215, 224 (1976):

> The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution. The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.

In short, Plaintiff has no constitutional right to be confined to any particular facility under the Due Process Clause. Therefore, Plaintiff's allegation that he was improperly housed at NKSP does not state a constitutional due process claim. Because amendment would be futile under the circumstances, Plaintiff's second claim for relief is DISMISSED WITH PREJUDICE.

### E. <u>Eighth Amendment Claim</u>

Plaintiff alleges that being housed in prison, as opposed to county jail, violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him humane conditions of confinement. (FAC ¶¶ 50-63.)

The Eighth Amendment prohibits "cruel or unusual punishments." U.S. Const., amend. VIII. "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

To state a claim for failure to protect, an inmate must allege facts to support that he was

9

incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 834; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. Cty. of L.A.*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc), *abrogated on other grounds by Farmer*, 511 US. 825. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Farmer*, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer*, 511 U.S. at 837; *see also Frost*, 152 F.3d at 1128; *Redman*, 942 F.2d at 1442.

Plaintiff's claim is foreclosed by Ninth Circuit precedent. In *Myron v. Terhune*, the Ninth Circuit held that a state prisoner's allegedly improper classification to a higher-level security facility than indicated by his individual security classification did not violate the Eighth Amendment. 476 F.3d at 719. As the court noted, because "the mere act of classification 'does not amount to an infliction of pain,' it 'is not condemned by the Eighth Amendment.'" *Id.* (citation omitted). That case is indistinguishable from the facts alleged here. Here, Plaintiff was allegedly incarcerated at a higher-level security facility despite state regulations. (FAC ¶¶ 12-16.) Plaintiff does not allege that he suffered any injury as a result of his incarceration, nor does he allege that prison officials were deliberately indifferent to an excessive risk to his personal safety. His allegation that he was improperly housed does not amount to cruel or unusual punishment. Therefore, he fails to state a claim under the Eighth Amendment.

In an abundance of caution, although the Court does not see any inkling of a plausible claim, the Court will afford Plaintiff one opportunity to amend his Eighth Amendment claim. The third claim for relief is therefore DISMISSED WITH LEAVE TO AMEND as to County Defendants and Defendants Beard and Rodriguez in their personal capacities. Plaintiff's counsel is cautioned to consider carefully

his obligations under Rule 11 of the Federal Rules of Civil Procedure prior to filing any amended pleading.

Because the FAC fails to state a claim for a constitutional violation pursuant to § 1983, the Court need not address Defendants' remaining arguments.[3]

## V. CONCLUSION AND ORDER

For the reasons stated above:

1) Defendants' motions to dismiss the FAC (ECF Nos. 27, 33) are GRANTED.

2) The FAC is DISMISSED WITH PREJUDICE in its entirety as to Defendants State of California, CDCR, NKSP, and Beard and Rodriguez in their official capacities.

3) The ~~first~~ claim for relief for deprivation of Plaintiff's Fourth Amendment rights is DISMISSED WITH PREJUDICE.

4) The second claim for relief for deprivation of Plaintiff's Fifth Amendment rights is DISMISSED WITH PREJUDICE.

5) The third claim for relief for deprivation of Plaintiff's Fifth Amendment rights DISMISSED WITHOUT PREJUDICE as to County Defendants and Defendants Rodriguez and Beard in their individual capacities.

Plaintiffs shall have twenty (20) days from electronic service of this Order to file an amended complaint.

IT IS SO ORDERED.

Dated:  **May 19, 2017**                    /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

---

[3] Defendants argue that Plaintiff's FAC fails to link any individual defendant to the alleged constitutional violation. The Court notes that the Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Any amended pleading must link any named defendants to the alleged constitutional violation.